# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE KIRK CORPORATION, | Case No. 09-17236 |
| | (Jointly Administered) |
| Debtor. | |
| | Honorable Carol A. Doyle |
| COLE TAYLOR BANK, | |
| Plaintiff, | |
| | Adversary No. _____ |
| v. | |
| THE KIRK CORPORATION; M. KATHLEEN EIBEN; GEORGE CAMPION: DAVID ROLLER; ANN WELNINSKI; ELIZABETH MUGNAI; LISA SCHMULDT; MICHELLE KIRCH; TERRY CAITHAMER; CHRIS STEPONAITIS; TIMOTHY J. BROWN; SHELLIE HYSLOP; JEFF ARNOLD; MARY ANN GOROG; TODD JOHNSON; CYNDI SEDLAK; STACY BARHAM; LUIS ENCARNACION; MICHELE BLASCO; JOHN MATUSTIK; HENRY THOMPSON; MARK RANK; and ROBIN STRAUS. | |
| Defendants. | |

## COLE TAYLOR BANK'S COMPLAINT FOR INTERPLEADER

Cole Taylor Bank ("Cole Taylor"), by its undersigned counsel, for its *Complaint for Interpleader* against Defendants The Kirk Corporation, and the holders of certain notes issued by Cole Taylor, M. Kathleen Eiben, George Campion, David Roller, Ann Welninski, Elizabeth Mugnai, Lisa Schmuldt, Michelle Kirch, Terry Caithamer, Chris Steponaitis, Timothy J. Brown, Shellie Hyslop, Jeff Arnold, Mary Ann Gorog, Todd Johnson, Cyndi Sedlak, Stacy Barham, Luis

Encarnacion, Michele Blasco, John Matustik, Henry Thompson, Mark Rank, and Robin Straus (collectively, the "Noteholders," and with The Kirk Corporation, the "Defendants"), states and alleges as follows:

## I.
## INTRODUCTION

1. This is an action for interpleader pursuant to 28 U.S.C. § 1335, Rule 22(1) of the Federal Rules of Civil Procedure and Rule 7022 of the Federal Rules of Bankruptcy Procedure. Cole Taylor seeks an Order requiring the Defendants to interplead and litigate their respective claims to the funds that Cole Taylor currently holds in escrow (the "Funds") for the benefit of certain creditors of the debtor, The Kirk Corporation (the "Debtor"), and to discharge Cole Taylor from further obligations. In addition, Cole Taylor seeks to have the costs and attorneys' fees it has incurred in regards to the disbursement of the Funds following the Debtor's bankruptcy repaid out of the Funds.

## II.
## JURISDICTION

2. The Court has jurisdiction over this case under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship who demand, or may demand, the right to payment of money of the value of $500.00 or more, which is in the custody or possession of the plaintiff, Cole Taylor.

3. The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## III.
## PARTIES

6.      The Debtor is an Illinois Corporation with its principal place of business in Streamwood, Illinois.

7.      Defendant M. Kathleen Eiben held a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Ms. Eiben's note was been fully paid prior to the Debtor's bankruptcy filing.  Upon information and belief, Ms. Eiben is a resident of Illinois.

8.      Defendant George Campion held a note issued by Cole Taylor which may entitle him to receive part of the Funds.  Mr. Campion's note was fully paid prior to the Debtor's bankruptcy filing.  Upon information and belief, Mr. Campion is a resident of Arizona.

9.      Defendant David Roller holds a note issued by Cole Taylor which may entitle him to receive part of the Funds.  Upon information and belief, Mr. Roller is a resident of Illinois.

10.     Defendant Ann Welninski holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Welninski is a resident of Illinois.

11.     Defendant Elizabeth Mugnai holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Mugnai is a resident of Illinois.

12.     Defendant Lisa Schmuldt holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Schmuldt is a resident of Wisconsin.

13. Defendant Michelle Kirch holds a note issued by Cole Taylor which may entitle her to receive part of the Funds. Upon information and belief, Ms. Kirch is a resident of Illinois.

14. Defendant Terry Caithamer holds a note issued by Cole Taylor which may entitle her to receive part of the Funds. Upon information and belief, Terry Caithamer is a resident of Illinois.

15. Defendant Chris Steponaitis holds a note issued by Cole Taylor which may entitle him to receive part of the Funds. Upon information and belief, Mr. Steponaitis is a resident of Illinois.

16. Defendant Timothy J. Brown holds a note issued by Cole Taylor which may entitle him to receive part of the Funds. Upon information and belief, Mr. Brown is a resident of Illinois.

17. Defendant Shellie Hyslop holds a note issued by Cole Taylor which may entitle her to receive part of the Funds. Upon information and belief, Ms. Hyslop is a resident of Illinois.

18. Defendant Jeff Arnold holds a note issued by Cole Taylor which may entitle him to receive part of the Funds. Upon information and belief, Mr. Arnold is a resident of Illinois.

19. Defendant Mary Ann Gorog holds a note issued by Cole Taylor which may entitle her to receive part of the Funds. Upon information and belief, Ms. Gorog is a resident of Illinois.

20. Defendant Todd Johnson holds a note issued by Cole Taylor which may entitle him to receive part of the Funds. Upon information and belief, Mr. Johnson is a resident of Illinois.

21. Defendant Cyndi Sedlak holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Sedlak is a resident of Illinois.

22. Defendant Stacy Barham holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Barham is a resident of Illinois.

23. Defendant Luis Encarnacion holds a note issued by Cole Taylor which may entitle him to receive part of the Funds.  Upon information and belief, Mr. Encarnacion is a resident of Illinois.

24. Defendant Michele Blasco holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Blasco is a resident of Illinois.

25. Defendant John Matustik holds a note issued by Cole Taylor which may entitle him to receive part of the Funds.  Upon information and belief, Mr. Matustik is a resident of Illinois.

26. Defendant Henry Thomspon holds a note issued by Cole Taylor which may entitle him to receive part of the Funds.  Upon information and belief, Mr. Thompson is a resident of Illinois.

27. Defendant Mark Rank holds a note issued by Cole Taylor which may entitle him to receive part of the Funds.  Upon information and belief, Mr. Rank is a resident of Illinois.

28. Defendant Robin Straus holds a note issued by Cole Taylor which may entitle her to receive part of the Funds.  Upon information and belief, Ms. Straus is a resident of Illinois.

# IV.
# FACTS

29.     Cole Taylor and Kirk are parties to an Escrow and Security Agreement (the "Escrow Agreement") dated February 5, 2004.  A copy of the Escrow Agreement is attached hereto as Exhibit A.

30.     The purpose of the Escrow Agreement was to provide security for participants due payment under certain Notes issues by the Debtor in connection with The Kirk Corporation Employee Stock Ownership Plan.  The terms of the Escrow Agreement provided, among other things, that the Debtor would cause an irrevocable standby letter of credit to be issued with Cole Taylor as the beneficiary to secure payments due to the Noteholders.  The Escrow expressly contemplated that the amount of the irrevocable standby letter of credit would be increased from time to time in an amount equal to any new Notes that were issued.

31.     The Escrow Agreement outlined several different possible Events of Default pursuant to which Cole Taylor could draw on the letter of credit and distribute funds to the Noteholders. One such Event of Default was if Cole Taylor was notified that payment due to a Noteholder was more than fifteen days past due. In July, 2009, Cole Taylor was notified by several Noteholders that payments were past due.  In view of the fact that the legal effect of the bankruptcy of the Debtor was the acceleration of all of its long-term indebtedness, and that the bankruptcy case had been pending for more than 15 days, Cole Taylor elected to draw on the entire amount of the letter of credit.

32.     The issuing bank, JP Morgan Chase, honored that draw request on the letter of credit and paid to Cole Taylor the amount of $843,702.00 on or about July 17, 2009.  Since that time, Cole Taylor has been holding such funds for the benefit of the beneficiaries of the Escrow Agreement.

33. There is currently an outstanding balance of $1,778,887 owed to the Noteholders. The difference between the amount outstanding and the amount received from the letter of credit results from the fact that additional notes were issued and the amount of the letter of credit was not increased in order to account for these new obligations. Attached hereto as <u>Exhibit B</u> is a schedule showing the amount of notes outstanding and the respective holders of these notes as of February 5, 2008 and 2009, which highlight those differences.

## COUNT I
### (Interpleader Under fed. R. Civ. P. 22(1))

34. Cole Taylor incorporates by reference the allegations contained in paragraphs 1 through 33 above as though fully set forth herein.

35. Cole Taylor seeks an Order requiring the Defendants to interplead and settle between themselves their rights to the Funds and to discharge Cole Taylor from further obligations.

36. Although it currently holds the Funds, Cole Taylor acknowledges that the Funds should be disbursed to the Noteholders. However, given the shortfall between the current outstanding balance of $1,778,887 owed to the Noteholders and the $843,702.00 available to repay the Noteholders, Cole Taylor recognizes that not all of the Noteholders can be repaid in full.

37. Cole Taylor cannot determine which Noteholders have the superior right to the Funds without subjecting itself to the risk of multiple liability for improperly distributing the Funds.

38. Cole Taylor is prepared to deposit the Funds with the Court, or any person designated by the Court to receive such proceeds. The Defendants can then determine amongst themselves, and with Court approval, how the Funds should be disbursed.

39. Upon depositing the Funds, Cole Taylor requests that it be discharged from all further obligations in connection with the Escrow Agreement.

40. Cole Taylor seeks to have its costs and attorneys' fees reimbursed from the Funds. The Escrow Agreement provides that Cole Taylor "shall be entitled to the customary fees for acting as Escrow Agent hereunder and for reimbursement of expenses incurred in acting as Escrow Agent hereunder." Escrow Agreement ¶ 6.

41. Cole Taylor has incurred costs and attorneys fees in determining how Debtor's bankruptcy effected the Escrow Agreement, in bringing the *Motion of Cole Taylor Bank for Direction Regarding Disbursement of Funds*, and in filing this adversary complaint at the Court's direction. Cole Taylor anticipates incurring further costs and legal fees in connection with this adversary case.

42. Pursuant to the Escrow Agreement, Cole Taylor is entitled to reimbursement of its costs and attorneys' fees, and Cole Taylor seeks entry of an order permitting it to deduct the amount of its costs and attorneys' fees from the Funds before depositing the Funds with the Court.

WHEREFORE, Cole Taylor prays that this Court enter judgment on Count I: (a) declaring that this action is properly brought in the nature of interpleader pursuant to Fed. R. Civ. P. 22(1); (b) ordering the Defendants to interplead and litigate their respective claims to the Funds; (c) discharging Cole Taylor from any and all liability on account of each of the Defendants' claims to the Funds; (d) enjoining the Defendants from institution or further prosecuting any proceeding or action against Cole Taylor for the recovery of the Funds; (e) awarding Cole Taylor its attorneys' fees and costs from the Funds incurred by Cole Taylor in connection with this action; and (f) for such other relief as the Court deems appropriate.

Dated: August 27, 2009

                                                  COLE TAYLOR BANK


                                         By:               /s/ Alan P. Solow
                                                           One of Its Attorneys

Alan P. Solow (ARDC No. 3125199)
James R. Irving (ARDC No. 6296799)
alan.solow@dlapiper.com
jim.irving@dlapiper.com
**DLA PIPER LLP (US)**
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone:  312-368-4000
Fax: 312.630.733