**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| The Kirk Corporation, | ) | |
| | ) | Case No. 09 B 17236 |
| Debtor. | ) | (Jointly Administered) |
| ————————————— | ) | |
| | ) | Judge Carol A. Doyle |
| Cole Taylor Bank, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 09 A 00788 |
| | ) | |
| The Kirk Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING COLE TAYLOR'S MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS TO BE PAID OUT OF ESCROW FUNDS**

Cole Taylor filed this interpleader action to deposit funds it held in escrow pursuant to an escrow agreement with Kirk and the individual defendants in this adversary proceeding and to request the court to determine to whom the funds should be paid. On March 4, 2010, with the agreement of the parties, the court granted Cole Taylor's motion to deposit the funds with the court and dismiss Cole Taylor from this action while reserving Cole Taylor's right to seek attorneys' fees and an order of discharge and injunction.

On April 8, 2010, Cole Taylor filed two motions: a motion for an award of attorneys' fees and costs to be paid out of escrow funds, and a motion for an order enjoining defendants and granting a discharge. Regarding the motion for attorneys' fees, at the request of the defendants, the court permitted them first to brief the issue of whether Cole Taylor is entitled to have any

attorneys' fees paid from the deposited funds.   If the court concluded that Cole Taylor had that

right, the defendants could then file additional objections regarding the amount of fees sought.

On June 7, 2010, the court entered a Memorandum Opinion determining that some

categories of Cole Taylor's attorneys' fees could be paid from the deposited funds because they

served the interests of all parties to the case but that other categories of fees benefitted primarily

Cole Taylor and therefore should not be paid from the deposited funds.  The court then granted

the defendants until June 18, 2010 to file further objections regarding the amount of fees sought

by Cole Taylor and stated that, if no further objections were filed, it would enter a final order on

the motion awarding fees and expenses to Cole Taylor in the amount of $33,313 to be paid from

the deposited funds.  No additional objections were filed.

Upon further reflection regarding the proper procedure in this case, however, the court

has determined that any final orders on the motion for attorneys' fees and the motion for a

discharge and injunction should be entered by the district court because they will be final orders

regarding Cole Taylor's participation in this case and will finally determine its rights in this

action.   As set forth in the Proposed Findings of Fact and Conclusions of Law entered on

June 25, 2010 regarding the motion for a discharge and injunction, the court asserts "related to"

jurisdiction under 11 U.S.C. § 1334(b) over this adversary proceeding.  Under § 157(c)(1), "a

bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise

related to a case under title 11," but the bankruptcy judge must submit proposed findings of fact

and conclusions of law to the district court and "any final order or judgment shall be entered by

the district judge ...."   28 U.S.C. § 157(c)(1).

Although a final judgment will eventually be entered in this adversary proceeding, it will adjudicate the dispute among the individual defendants regarding who should be paid from the deposited funds. Cole Taylor will have no further participation in this case after the entry of the orders regarding attorneys' fees and the injunction and discharge, these orders will finally determine Cole Taylor's rights in this action, and these issues are separate from and collateral to the main cause of action. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (narrow class of orders issued before final judgment are appealable under 28 U.S.C. § 1921 that finally determine claims and are separate and collateral to the main cause of action); *Matter of Cash Currency Exch., Inc.*, 762 F.2d 542 (7th Cir. 1985). The order regarding attorneys fees' (and the discharge and injunction) will therefore be final with respect to Cole Taylor for purposes of § 157(c)(1) and should be entered by the district court.

The court requests the district court to treat the Memorandum Opinion entered on June 7, 2010 with respect to the attorneys' fees motion as the bankruptcy court's proposed findings of fact and conclusions of law for purposes of 11 U.S.C. § 157(c)(1) with respect to that motion. Separate Proposed Findings of Fact and Conclusions of Law will be entered today with respect to the motion for an injunction and discharge for referral to the district court.

Dated:  June 25, 2010

ENTERED:

Carol A. Doyle
United States Bankruptcy Judge

-3-