# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| The Kirk Corporation, ) | |
| ) | Case No. 09 B 17236 |
| Debtor. ) | (Jointly Administered) |
| ) | |
| ) | Judge Carol A. Doyle |
| Cole Taylor Bank, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary No. 09 A 00788 |
| ) | |
| The Kirk Corporation, et al., ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING COLE TAYLOR'S MOTION FOR ORDER ENJOINING DEFENDANTS AND GRANTING DISCHARGE

Cole Taylor Bank, the plaintiff in this interpleader action, has filed a motion seeking a discharge and injunction against the defendants barring them from filing any actions against Cole Taylor relating to escrow funds that it has deposited with the court. Because Cole Taylor is an innocent stakeholder that has deposited the funds it held with the court, its motion for a discharge of liability and injunction against the defendants should be granted.

### I.  Background

As discussed more fully in the Memorandum Opinion entered by this court on June 7, 2010 with respect to Cole Taylor's motion for attorneys' fees, Cole Taylor Bank was the escrow agent under an escrow agreement entered into with Kirk and 22 former Kirk employees who are

participants in the Kirk Corp. Employee Stock Ownership Plan ("ESOP"). Kirk issued notes to each of the participants in the ESOP and agreed to obtain an irrevocable stand-by letter of credit for the full amount outstanding at any particular time on notes owed to ESOP participants. Kirk initially obtained a letter of credit for the full amount owed when the escrow agreement was entered. Over time, however, Kirk issued more notes to ESOP participants but failed to increase the amount of the letter of credit. At the time that Kirk filed for bankruptcy in May 2009, Kirk owed the ESOP participants approximately twice as much as the amount of the letter of credit.

After Kirk defaulted on payments to noteholders, Cole Taylor drew down on the letter of credit and deposited the funds into an escrow account in accordance with the escrow agreement. Cole Taylor eventually filed this interpleader action seeking to deposit the escrow funds with the court and have the court determine which ESOP participants were entitled to the funds. Cole Taylor also sought an award of attorneys' fees and a discharge and injunction against the defendants barring them from filing any claims against Cole Taylor related to the escrow agreement or funds. On March 4, 2010, with the agreement of the parties, the court granted Cole Taylor's motion to deposit the escrow funds with the court and to dismiss Cole Taylor from the action, while reserving Cole Taylor's right to seek attorneys' fees and a discharge and injunction.

Cole Taylor then filed motions seeking attorneys' fees from the deposited funds and the present motion seeking an injunction and discharge. The court issued a Memorandum Opinion on June 7, 2010 regarding the motion for attorneys' fees concluding that it would allow the payment of attorneys' fees from the deposited funds for certain categories of Cole Taylor's fees and deny fees in other categories.

In the motion for a discharge and injunction now before the court, Cole Taylor seeks an order enjoining all the defendants (the 22 individual ESOP participants and Kirk) from instituting or prosecuting any other action, suit or proceeding against Cole Taylor in any other court relating to the escrow funds or their disposition, and discharging Cole Taylor from any and all liability to the defendants and their heirs, descendants, successors and assigns, for any claim, demand, action or cause of action arising out of or related to the escrow funds or their disposition.

## II.   Jurisdiction

Cole Taylor originally filed a motion before the bankruptcy court in July 2009, when the debtor was still attempting to reorganize under chapter 11, seeking direction from the court regarding the distribution of the escrow funds to the claimants. Judge Wedoff, who was hearing the Kirk bankruptcy case at the time, suggested that Cole Taylor file an interpleader action. In September 2009, the undersigned judge took over the case, denied confirmation of the proposed chapter 11 plan, and converted the case to chapter 7 for liquidation. Richard Fogel was appointed as the chapter 7 trustee.

In the meantime, Cole Taylor filed the interpleader complaint as an adversary proceeding in the bankruptcy court as suggested by Judge Wedoff. At a status hearing on this adversary proceeding, this court questioned whether it had jurisdiction over the matter because all parties, including the chapter 7 trustee, agreed that the escrow funds are not property of the bankruptcy estate and the case involves creditors (the ESOP claimants) seeking recovery, at least in part, of their claims against the debtor from a third party source, the escrow funds held by Cole Taylor. The court asked the parties to submit briefs addressing the jurisdiction of the bankruptcy court.

Only Cole Taylor filed a brief and all defendants seemed satisfied with a resolution of their dispute by the bankruptcy court. The court nonetheless analyzed whether it had jurisdiction and announced at a hearing on January 21, 2010 that it has "related to" jurisdiction over this matter.

Bankruptcy courts have jurisdiction over cases "arising under" title 11, "arising in" a case under title 11, or "related to" case under title 11 of the United State Code. 28 U.S.C. § 1334(a), (b). This interpleader action does not "arise under" title 11 because it is not based on a claim created or determined by a provision of the Bankruptcy Code. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987). It also does not "arise in" a case under title 11 because it does not concern "administrative matters that arise *only* in bankruptcy cases." *Id.* at 97 (internal quotation omitted). This case instead is "related to" a case under title 11 because the distribution of funds previously held in escrow by Cole Taylor will reduce the amount owed by the debtor to the individual defendants, who are all creditors of the estate based on the ESOP notes upon which the debtor defaulted. *Elscint v. First Wis. Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir. 1987).

Although the Seventh Circuit construes the related jurisdiction of the bankruptcy court more narrowly than most other circuits, this action falls within the Seventh Circuit's test. In this circuit, a dispute is "related to" a bankruptcy case only if it "affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." *In re FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996). *See also In re Schwinn Bicycle Co.*, 210 B.R. 747, 754 (Bankr. N.D. Ill. 1997) (related jurisdiction exists over dispute only if (1) it involves property of the estate, (2) it affects the administration of the estate, or (3) resolution of a dispute between two creditors will affect the recovery of some other creditor).

Bankruptcy courts in this circuit usually do not have jurisdiction over an action by a non-debtor against another non-debtor. *See, e.g., Wayne Film Sys. Corp. v. Film Recovery Sys. Corp.* 64 B.R. 45, 52-53 (N.D. Ill. 1986); *In re O'Malley*, 252 B.R. 451, 458-59 (Bankr. N.D. Ill. 1999). As the *Xonics* court recognized, however, related jurisdiction may be asserted over a claim by a non-debtor when recovery in the action will reduce the claims against the bankruptcy estate. *In re Xonics*, 813 F.2d at 132. *See also In re Mission Bay Ski & Bike, Inc.*, 398 B.R. 250, 252-54 (Bankr. N.D. Ill. 2008); *Gourmet Center, Inc. v. Fox (In re Sage Enterprises, Inc.)*, 2006 WL 1722582 at *10 (Bankr. N.D. Ill. 2006).

Here, the distribution of funds from the letter of credit in this interpleader action will reduce the amount of the claims against the estate of the individual defendants who are paid from the interpleader funds. Resolution of this matter therefore affects the allocation of property among creditors and reduces the claims against the estate.

The bankruptcy court may not enter final judgments in cases over which it asserts related jurisdiction, however, but must instead submit proposed findings of fact and conclusions of law to the district court for entry of "any final order or judgment." 11 U.S.C. § 157 (c)(1). While the entry of an order awarding attorneys' fees and granting a discharge and injunction in favor of Cole Taylor will not be a final judgment in this adversary proceeding, it will be a final order with respect to all issues relating to Cole Taylor, which will have no further involvement in this case. The orders on these motion, therefore, should be entered by the district court under § 157(c)(1). *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (narrow class of orders issued before final judgment are appealable under 28 U.S.C. § 1921 that finally determine claims

                              Document         Page 6 of 8

and are separate and collateral to the main cause of action); *Matter of Cash Currency Exch., Inc.*, 762 F.2d 542 (7th Cir. 1985).

### III. Discharge and Injunction

The plaintiff in an interpleader action is usually granted a discharge and the defendants are enjoined from bringing any other action against the plaintiff in another forum. One purpose of an interpleader action is to protect the plaintiff from incurring expenses associated with double litigation and to protect it from the risk of double liability. *Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 448 F.2d 501, 504 (7th Cir. 1971). As the Seventh Circuit noted, "usually interpleader will not be really effective unless all claimants are brought before the same court in one proceeding and restricted to that single forum in the assertion of their claims. To accomplish that end, ... it is of course essential that the interpleader court enjoin the instituting or prosecution of other suits on the same subject matter elsewhere." *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991) (*quoting Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 483 (E.D. La. 1960)). *See also Sportsman's Guide, Inc. v. Havana Nat. Bank*, 2009 WL 4923092 (C.D. Ill. 2009) (granting an injunction against defendants from bringing actions arising out of or related to disputed funds); *Aaron v. Merrill Lynch, Pierce, Fenner & Smith*, 502 F. Supp. 2d 804, 810 (N.D. Ind. 2007) (defendants enjoined from pursuing any action inconsistent with interpleader action or affecting disputed funds); *Reliance Standard Life Ins. Co. v. Matula*, 2007 WL 1029527 (E.D. Wis. 2007); *Life Ins. Co. of North America v. Thorngren*, 2005 WL 2387596 at *2 (D. Idaho 2005) ("Discharge of a disinterested stakeholder is generally

granted once the stakeholder has deposited all funds owed to the claimants to the registry of the court." (citations omitted)).

The court concluded in its Memorandum Opinion entered on June 7, 2010 that Cole Taylor is an innocent stakeholder and rejected the argument that Cole Taylor owed the individual defendants a duty to insure that Kirk's letter of credit was sufficient to cover the outstanding notes of all ESOP claimants. The escrow agreement specifically provides that *Kirk* is required to obtain a letter of credit to cover all outstanding debt on the notes and imposes no duties on Cole Taylor with respect to this requirement. The agreement also specifically provides that Cole Taylor "undertakes to perform only such duties as are expressly set further herein and no implied duties or obligations shall be read into this Escrow Agreement...." Escrow Agmt. at Par. 7. The agreement further provides that Cole Taylor's "duties hereunder shall be limited to the safekeeping of the Escrow Deposit received by it as such Escrow Agent, and for the disposition of the same in accordance with the terms hereof." Escrow Agmt. at Par. 8. These provisions make it clear that Cole Taylor had no obligation to determine whether Kirk's letter of credit was sufficient to cover all outstanding notes at any given time or to notify the ESOP participants of any failure of Kirk to comply with the escrow agreement. Cole Taylor agreed only to perform the role of escrow agent in the event of a default and distribute funds according to the terms of the agreement.

Only one group of seven individual defendants filed an objection to Cole Taylor's motion for a discharge and injunction. The objectors assert that Cole Taylor failed to notify the participants that Kirk had not complied with its obligation under the escrow agreement to increase the amount of the letter of credit when new notes were issued to additional ESOP

participants. The objectors argue that Cole Taylor is not an "innocent" stakeholder entitled to a discharge and injunction because of this alleged failure. The objectors fail to identify any provision of the escrow agreement that required Cole Taylor to notify them of Kirk's failure, however, and they fail to address the provisions in Paragraphs 7 and 8 that make it clear that Cole Taylor's role was limited to collecting on the letter of credit in the event of a default and making payments to the noteholders who had not received payment from Kirk. The objectors also fail to cite a single case to support their argument that Cole Taylor is not entitled to a discharge and injunction. Their objection is not persuasive.

The court notes that the trustee has conceded that Kirk has no potential interest in the funds deposited with the court and he has not objected to entry of the discharge order and injunction requested by Cole Taylor.

The court therefore recommends that the district court enter an order granting Cole Taylor a discharge of liability with respect to all matters relating to the escrow agreement and the deposited funds and an injunction against all the defendants barring the filing or prosecution of any action in any other court or forum arising from the escrow agreement.

Dated: June 25, 2010

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge